UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-118-TAV-DCP |
| | ) | |
| ANDREW WORRALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Andrew Worrall's Motion for Continuance of All Deadlines and Trial [Doc. 31], filed on November 20, 2025.

Defendant requests the Court to continue all deadlines and the trial, set for December 23, 2025 [*Id.* at 1]. In support of his motion, Defendant states that his counsel and the United States Attorney's Office are in the final stages of negotiation [*Id.* ¶ 1]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 2]. Defendant's counsel confirmed via email to the Court that Defendant had been advised of his right to a speedy trial, understood those rights, and waived the impact of the continuance.

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to negotiate, receive and consider a formal plea offer, and if that does not resolve the case, otherwise prepare for trial. The Court finds that all of this cannot occur before the December 23, 2025 trial date.

The Court therefore **GRANTS** Defendant Andrew Worrall's Motion for Continuance of All Deadlines and Trial [**Doc. 31**]. The trial of this case is reset to **February 24, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 20, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Andrew Worrall's Motion for Continuance of All Deadlines and Trial [**Doc. 31**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 3, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 20, 2025**, and the new trial date of **March 3, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 3, 2026**;

(5) the deadline for filing motions *in limine* is **February 13, 2026**. Responses to motions *in limine* are due on or before **February 24, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 12, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 20, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

3